## Lipschutz v. Kohl.

J. Joseph Stratton and Saul C. Waldbaum, for plaintiff.

J. Rouse Burns, for Keystone Automobile Club Casualty Co., defendant's insurer.

ALESSANDRONI, J., August 3, 1931.—The question raised in this proceeding is whether a single woman who has started suit in trespass against a single man is entitled to have the case stricken from the list and held in abeyance if, before the case comes to trial, she marries the defendant.

It is firmly established that at common law, owing to the identity of husband and wife, neither can maintain a civil action for tort against the other: 30 C. J. 714. Our married women's acts have continued this rule with the exception of proceedings for divorce or proceedings to protect or recover her separate property. A woman's right in a tort action is not, under our authorities, considered property within the meaning of the married women's acts, for the damages are unliquidated: Miller v. Miller, 44 Pa. 170. See, also, Cardamone v. Cardamone, 9 D. & C. 723.

The law as thus established, however, applies to suits which the wife seeks to institute after the marriage and while living together with her husband. Of course, such actions are expressly barred. However, the suit here instituted was begun when the plaintiff was a single woman. Her rights were and are definite and uncontrovertible, but her subsequent marriage to the defendant arrested the proceedings. See Cardamone v. Cardamone, supra. Our courts have always followed a policy designed to promote domestic tranquility. See Morrish v. Morrish, 262 Pa. 192.

The defendant contends that the suit should be nonsuited, but in accordance with the reasoning heretofore stated we do not believe such action necessary. The plaintiff's action still exists, but must remain in statu quo unless and until the disability of coverture is removed. See Cardamone v. Cardamone, supra; Smith v. Smith, 14 D. & C. 466.

And now, to wit, August 3, 1931, the rule to strike the case from the trial list is made absolute, all proceedings to remain in statu quo as they existed at the date of the marriage between the parties, unless and until disability of the plaintiff to further pursue the same, arising from coverture, be removed.